JOSHUA DUNN AND OTHERS *v.* JNO. S. HOSKINS, ETC.

**Pleading—Amendment—Presumption.**

> Where an amended petition was filed on the same date that a judgment was entered in accordance with the mandate of the Court of Appeals, it will be assumed that the amended petition was filed after the mandate had been entered and judgment rendered thereon, and the amended petition will be treated as an original bill of review, if it contains all the resquisites of such pleading.

**Review—Sufficiency of Evidence.**

> Under a bill of review or amended petition, evidence which only tends to sustain plaintiff's contention in the original petition, is not sufficient to overturn the judgment rendered in the original proceeding.

APPEAL FROM GARRARD CIRCUIT COURT.

September 3, 1873.

OPINION BY JUDGE PRYOR:

We deem it unnecessary to determine whether or not the pleading filed in the case and styled an amended petition should have been permitted to be filed before the judgment of the court below was entered in accordance with the mandate of this court. The judgment and amended pleading were both filed on the same day and we will assume that the amended pleading was filed after the mandate of this court had been entered and the judgment ren-

dered thereon, and proceed to treat the amendment as an original bill of review. It was doubtless so intended as it contains all the essential requisites of such a pleading, although called by a different name. If filed before the judgment was entered as an amendment this court would disregard it, as no case was then in court to amend by. The principal ground for relief is the discovery of new matter since the termination of the action in the court below, the existence of which the plaintiff was before uninformed, and of such certain and unerring character as would have changed the result of the litigation. Before looking to the effect of this newly discovered testimony and the ground it presents for relief we must understand the character of the former controversy between these parties and the issues involved upon which testimony was adduced.

This is the fourth time this case has been brought to this court for decision. The present appellant Dunn and others sought by their original proceeding in equity to foreclose a mortgage executed by William Hoskins in his lifetime for the purpose of indemnifying them as his sureties for a large sum of money. The mortgage was upon a tract of one hundred acres of land in the County of Garrard and a number of slaves. The appellee Eliza Farris (formerly Hoskins), his daughter, in an amended answer and cross-petition filed in this action to foreclose the mortgage alleged that she was the equitable and rightful owner of the land, although the legal title was in her father, and further alleging that it had been mortgaged by him to Dunn and others, the present appellants, without her knowledge or consent. This court in an opinion reported between these parties in 7 Bush 276 held upon the pleadings and proof that this claim of Mrs. Farris was paramount to that of the mortgagees, she having been in the possession of the land at the date of the mortgage, and her father paying for it with her money held and received by him for her, the whole facts as recited in the opinion creating a resulting trust in her favor. Much evidence was taken upon both sides as to this alleged claim of ownership by the appellee, and the appellants by counsel insist now as upon the former hearing that the acts of Mrs. Farris preclude her from asserting any claim to the land in controversy. First, that as the will of her father, Wm. Hoskins, made her one of the residuary devisees of his estate, including this land, after the payment of his debts, and she having qualified as executrix, by this act recognized the right

of her father to dispose of it. Second, that she rented the mortgaged land from Dunn, one of the mortgagees, and gave her notes for the rent. Third, that her mother claimed dower in the land and had it allotted to her without any objection from Mrs. Farris. Fourth, that her father paid the taxes and listed it for taxation. Fifth, that in her original answer to the petition of foreclosure she set up no claim to the land. Sixth, that when the judgment was rendered for a sale of the land in 1865 she made no resistance to it but became the purchaser of it when sold, and gave her notes for the purchase money. Seventh, that she made no assertion of any claim to the land until August, 1866. It is conceded that all these arguments were presented to this court upon the original hearing and that there was evidence conducing to sustain the position assumed by counsel, but this court, after weighing all the testimony introduced by both of the parties, adjudged that the facts in the record entitled the appellee to the land in controversy. It is also now charged that the pleadings of Mrs. Farris nowhere assert a resulting trust. It must be recollected by counsel that this court has heretofore decided that a resulting trust was created and that every single question now made was considered and disposed of in the original opinion and in the response to the petition for rehearing except the question made on the newly discovered testimony.

It might, for the sake of argument, be admitted that the pleadings are misconceived or the facts overlooked by this court and still it presents no ground for bill of review but on the contrary would only be asking the court in the year 1873 to reconsider an opinion rendered between the same parties upon the same facts and the same record in the year 1870. We are now asked "If the facts exist as stated by counsel, how can Mrs. Farris hold the land?" The only response necessary to be made is that this court has heretofore decided that she is the owner for the reasons assigned in the opinion rendered.

Having given in substance the testimony relied on by the appellants in the original case, we now propose to examine the newly discovered evidence upon which all the former proceeding is asked to be reviewed. A letter is written by the appellant to a friend in the year 1865 asking the latter to use his influence with her brother, W. A. Hoskins, in advising the latter to aid her in buying this land, saying "that she is not able to purchase it without his

aid and that it was her father's intention that she should have it. That she was deceived about it, and knew nothing of the mortgage claim until his death."

This letter and the additional fact that on the day she purchased the land at commissioner's sale, she sold her brother John six acres of it for his interest as residuary devisee in his father's estate, constitute the newly discovered evidence upon which the present proceeding is sought to be sustained. There is some other proof of conversations had with the appellee and the pecuniary condition of the father, Wm. Hoskins, that does not require notice, and in fact we are compelled to regard all the evidence as only cumulative and tending perhaps to strengthen appellant's cause. It has already been adjudged that the acts of Mrs. Farris in qualifying as executrix and in buying the land at commissioner's sale created no estoppel, and when considered as evidence only, bearing upon the issues, was insufficient to defeat appellee's claim. If then the fact itself that the appellee did purchase this land with the aid of her brother could not be relied on as an estoppel or defeat her claim, we can not well see how an admission by letter or otherwise that she did obtain her brothers to aid her in buying it could possibly strengthen appellant's cause or weaken that of the appellee, nor would the fact that she sold a part of it after her purchase affect the final disposition of the case.

In considering all the testimony, including that in the original action and the bill of review, we are disposed to adjudge that the appellant has added by this additional testimony but little to his right of recovery, and were we disposed to reverse the case the opinion could be based upon no other conclusion than that the original judgment was not sustained by the facts, and to do so would be to disregard every principle and precedent applicable to the question involved. Where a matter of fact was particularly in issue before the former hearing, though you have new proof of the matter upon that, you shall never have a bill of review. Herd's Practice, p. 58. And as said by the court in the case of *Repass v. McClanahan,* Hardin's Report, page 350, "There is an important difference between the discovery of a matter of fact itself which, though it existed at the former hearing, was not known by the party to exist, or which was not alleged or put in issue by either party, and the discovery of new witnesses or proof of a matter or fact which was then

known or in issue," in the latter instance the fact being in issue the party is put upon investigation, and it is also said in the same case, that no case has been found "reported in which a bill of review has been allowed on the discovery of new witnesses to prove a fact which had before been in issue although there are many whose bills of review have been sustained on the discovery of records and other writings," etc. The reason for the distinction being that written evidence cannot be easily corrupted, whilst witnesses may.

In the case of *Brewer v. Bowman,* 3 J. J. Marshall 492, it is said by this court that bills of review may be prosecuted for error apparent upon the face of the record, or for matter *dehors* the record. Under the second classification it may be sustained: First, "For the discovery of new matter not put in issue by the pleadings sought to be reviewed and which, had it been known and set forth, would have produced a different result. Second, The discovery of evidence of a permanent, unerring character which, had it been produced on the trial, would have changed the result, or by showing that the witnesses upon whose testimony the judgment was based have been convicted of perjury by reason of the testimony given," etc.

Applying the legal principles to the case in question, and there is nothing in the record to sustain appellant's petition, it is true that the letter of the appellee renders it certain that she desired her brother to aid her in buying the land, and might also be regarded as evidence showing a recognition of title in her father, but the proof in the former record is much stronger against her as it shows that she in fact did purchase it and with the aid of her brother.

The proof taken upon this amended pleading only evidences an effort upon the part of the appellant to strengthen this case, and upon it is based an argument to convince this court that the former opinion is not sustained by the law or facts. If the proceeding in the former record can be again opened and the matters reviewed upon the facts here presented there would be no end to litigation and every judgment rendered by this court subject to be reviewed upon the production of testimony that might strengthen the one side or the other.

This court might, even upon a careful reivew of this cause, come to a different conclusion as to the results than the one already

announced, still it affords no ground for sustaining this kind of review.

The fear of insecurity as well as the right to property requires that there must be certainty and stability in judicial opinions emanating from courts of last resort.

Judgment *affirmed*.

*Dunlap, for appellant.*

*Bradley, for appellee.*